FIELDS v SUBURBAN MOBILITY AUTHORITY
FOR REGIONAL TRANSPORTATION

Docket No. 318235. Submitted December 4, 2014, at Detroit. Decided
June 25, 2015, at 9:05 a.m.

Debra Fields brought an action in the Wayne Circuit Court against
the Suburban Mobility Authority for Regional Transportation
(SMART) (a regional transportation authority) and David E.
Gibson (one of its bus drivers). Plaintiff alleged that she had been
injured in a collision between her car and a bus negligently driven
by Gibson. Defendants moved for summary disposition under
MCR 2.116(C)(7), arguing that plaintiff had not complied with the
notice requirements of MCL 124.419. The court, Daniel P. Ryan,
J., agreed and granted defendants' motion. Plaintiff appealed.

The Court of Appeals *held*:

1. The trial court did not err by granting summary disposition
in defendants' favor. The Metropolitan Transportation Authori-
ties Act, MCL 124.401 *et seq.*, describes in what manner liability
may be imposed on a transportation authority for situations
involving the operation of a common carrier for hire. MCL
124.419 requires that all claims arising in connection with the
transportation authority must be presented as ordinary claims
against a common carrier of passengers for hire. It further
requires that written notice of any claim based on injury to
persons or property be served on the authority no later than 60
days after the occurrence that led to the injury. While service of
the notice within the meaning of the statute does not require
strict compliance with the court rules governing service, some
kind of formal delivery is nonetheless required. A plaintiff cannot
rely on the internal documents of a defendant transportation
authority. A party cannot deliver something to itself; delivery
must be to another party. Consequently, a party's internal cre-
ation and handling of its own documents cannot constitute a
delivery or service under MCL 124.419. SMART's possession of
police reports and reports prepared by SMART's employees that
related to the accident did not constitute a formal delivery of
notice of her claim by plaintiff to SMART and did not satisfy the
statutory notice requirement. Because plaintiff provided no evi-

dence that she or anyone else formally delivered or served written notice of her claim on SMART within 60 days of the accident, she failed to establish that the statutory notice requirement was satisfied.

2. Plaintiff's phone call to SMART's insurer within three weeks of the accident also did not constitute notice under MCL 124.419 because the statute requires written notice. Moreover, even if the document labeling plaintiff as a "claimant" that she relied on had not been a SMART internal document, it would have been insufficient under MCL 124.419 because it did not give notice that an ordinary claim was being pursued. While plaintiff's name was listed in the area reserved for claimant information, the document did not disclose that plaintiff actually intended to pursue any claim, let alone an ordinary claim as opposed to a no-fault claim. The word "claimant," with nothing more, did not give notice of what type of claim a plaintiff might be pursuing. Notice must be somewhat specific, at least with respect to the type of claim, and notice for one type of claim is insufficient to be notice for another type of claim.

3. Plaintiff also argued that even if she had not met the statutory notice requirements, summary disposition was not warranted because defendants were not prejudiced. When the Legislature specifically qualifies the ability to bring a claim against the state or its subdivisions on a plaintiff's meeting certain requirements that the plaintiff fails to meet, however, no saving construction (such as requiring a defendant to prove actual prejudice, for instance), is allowed. Accordingly, a showing of prejudice was not required.

Affirmed.

SHAPIRO, J., concurred in affirming the trial court's ruling, concluding that there were two questions at issue: whether plaintiff complied with the notice requirements of MCL 124.419 and, if she did not, whether the text of the statute mandated dismissal as the sanction. Judge SHAPIRO agreed that plaintiff did not comply with MCL 124.419. A document prepared by SMART itself cannot satisfy the statute's requirement that it be served, i.e., formally delivered, to SMART. He would, however, have more clearly delineated the precise demands of MCL 124.419, believing that the judiciary should provide sufficient guidance about how to preserve and litigate these cases in the future, and identified several issues that needed to be addressed. With respect to dismissal as the only sanction available, Judge SHAPIRO acknowledged that *Atkins v Suburban Mobility Auth for Regional Transp*, 492 Mich 707 (2012), required that conclusion, but urged the

Supreme Court to revisit the question. The plain language of MCL 124.419 allows the possibility of other sanctions for violating the notice requirement, including limitations on recovery, greater proof requirements, and qualified discovery.

*Christopher Trainor & Associates* (by *Christopher J. Trainor, Amy J. Derouin,* and *Shawn C. Cabot*) for plaintiff.

*Vandeveer Garzia, PC* (by *John J. Lynch, Christian E. Hildebrandt,* and *Timothy J. Connaughton*), for defendants.

Before: DONOFRIO, P.J., and FORT HOOD and SHAPIRO, JJ.

DONOFRIO, P.J. This case arises out of a bus-automobile crash that occurred on April 17, 2010. Plaintiff was operating the automobile, and the bus was owned by defendant Suburban Mobility Authority for Regional Transportation (SMART), a regional transportation authority, and driven by defendant David Gibson. Plaintiff filed suit, alleging that the SMART driver's negligence caused her injuries. The trial court granted summary disposition in favor of defendants on the basis of plaintiff not having met the notice requirements of MCL 124.419, and plaintiff appeals as of right. Because SMART was not provided with written notice of plaintiff's claim within 60 days of the accident, we affirm.

### I. STANDARDS OF REVIEW

The grant or denial of summary disposition is reviewed de novo to determine whether the moving party is entitled to judgment as a matter of law. *Bennett v Detroit Police Chief,* 274 Mich App 307, 310; 732 NW2d 164 (2007). "MCR 2.116(C)(7) tests whether a claim is

barred because of immunity granted by law, and requires consideration of all documentary evidence filed or submitted by the parties." *Haliw v Sterling Hts*, 464 Mich 297, 301-302; 627 NW2d 581 (2001) (quotation marks and citation omitted). When deciding a motion for summary disposition under MCR 2.116(C)(7), a court must consider the pleadings, affidavits, depositions, admissions, and other documentary evidence submitted in a light most favorable to the nonmoving party. MCR 2.116(G)(5); *Herman v Detroit*, 261 Mich App 141, 143-144; 680 NW2d 71 (2004). " 'If there is no factual dispute, whether a plaintiff's claim is barred under a principle set forth in MCR 2.116(C)(7) is a question of law for the court to decide.' " *Moraccini v Sterling Hts*, 296 Mich App 387, 391; 822 NW2d 799 (2012), quoting *RDM Holdings, Ltd v Continental Plastics Co*, 281 Mich App 678, 687; 762 NW2d 529 (2008). "But when a relevant factual dispute does exist, summary disposition is not appropriate." *Moraccini*, 296 Mich App at 391. To the extent that questions of statutory interpretation are present, we review those de novo. *Aichele v Hodge*, 259 Mich App 146, 152; 673 NW2d 452 (2003).

## II. NOTICE UNDER MCL 124.419

Plaintiff contends that the trial court erred by granting defendants' motion for summary disposition because she provided the requisite notice under MCL 124.419.

> Generally, governmental agencies in Michigan are statutorily immune from tort liability. However, because the government may voluntarily subject itself to liability, it may also place conditions or limitations on the liability imposed. Statutory notice provisions are a common means by which the government regulates the conditions under which a person may sue governmental entities. It is well

> established that statutory notice requirements must be interpreted and enforced as plainly written and that no judicially created saving construction is permitted to avoid a clear statutory mandate. [*Atkins v Suburban Mobility Auth for Regional Transp*, 492 Mich 707, 714-715; 822 NW2d 522 (2012) (citations omitted).]

"The Metropolitan Transportation Authorities Act [MCL 124.401 *et seq*.] describes in what manner liability may be imposed on a transportation authority for situations involving the operation of a common carrier for hire." *Id*. at 715. In this act, MCL 124.419 contains the following notice provision:

> All claims that may arise in connection with the transportation authority *shall be presented as ordinary claims* against a common carrier of passengers for hire: Provided, That *written notice* of any claim based upon injury to persons or property *shall be served* upon the authority no later than 60 days from the occurrence through which such injury is sustained . . . . [Emphasis added.]

Hence, in order to bring claims in derogation of governmental immunity, this statute requires that those claims "be presented as 'ordinary claims' against the common carrier involved." *Atkins*, 492 Mich at 715. Further, if the claim involves injury to a person or property, written notice of the claim must be served on the authority within 60 days of the injury. *Id*.; *Nuculovic v Hill*, 287 Mich App 58, 63; 783 NW2d 124 (2010).

In *Nuculovic*, this Court rejected the plaintiff's claim that proper notice was given because SMART received a copy of the police report and accident reports prepared by the operator of the bus and his supervisor. *Nuculovic*, 287 Mich App at 66. The Court concluded that even though SMART had possession of police reports and reports prepared by SMART's employees, the plaintiff failed to formally deliver (serve)

notice of her claim to SMART and, therefore, the statutory notice requirement was not satisfied. *Id.* at 68. While the Court did refer to the court rules when analyzing what it meant to "serve," we do not believe it was requiring strict compliance with those rules as the only way to comply with MCL 124.419. Instead, it used those rules as examples of how formal delivery could occur. *Id.* at 66-67. As a result, while strict compliance with the court rules may not necessarily be required, some kind of "formal delivery" nonetheless is required. *Id.* at 67-68; see also *Atkins*, 492 Mich at 721.

The rule announced in *Nuculovic* that a plaintiff cannot rely on the internal documents of a defendant transportation authority is sound. The relevant definition of "deliver" in the context of "to serve" is "to give into *another's* possession or keeping." *Random House Webster's College Dictionary* (1997) (emphasis added). Thus, it is clear that a party cannot deliver something to itself; it must deliver to another party. Consequently, a party's internal creation and handling of its own documents cannot constitute a "delivery" or "service" under MCL 124.419. *Nuculovic*, 287 Mich App at 68; see also *Atkins*, 492 Mich at 721 (stating that not requiring a plaintiff to provide the written notice subverts the intent of the Legislature because it would require SMART to anticipate and divine when an injured person is likely to file a suit and then notify itself of this determination).

As a result, plaintiff's claim similarly fails because there is no evidence that the documents she relied on in opposing defendants' motion for summary disposition were anything other than SMART's internal documents or police reports. In the trial court, plaintiff claimed in her response to defendants' motion for

summary disposition that the following demonstrated that she had complied with MCL 124.419:

> In addition to the report that is dated May 10, 2010 and presumed to be in the possession of Defendant SMART, SMART employees Otis Daniel and Jacqueline Owens both responded to the accident scene and completed an accident report detailing their findings. (**Ex. C**). Moreover, and more importantly, an additional SMART accident report was taken, which was time-stamped May 10, 2010, well within the 60-day statutory requirement. (**Ex. D**).

Plaintiff's Exhibit C to that response, indeed, is a "Road Supervisor's Accident Investigation Report" and is the type of internal report that this Court has expressly rejected as being able to constitute written notice under MCL 124.419. *Nuculovic*, 287 Mich App at 66, 68. The first page of Exhibit D is titled "SMART Transit Accident Report," and the second page has the heading "SMART Claimant and Injured Report." Thus, it appears that these also are internal documents and cannot be used to serve written notice of a claim under MCL 124.419. *Id*.

Plaintiff also argued at the trial court that her phone call to SMART's insurer within three weeks of the accident constituted notice under the statute. However, because the statute requires *written* notice, clearly a conversation over a phone call cannot satisfy the notice requirement. Plaintiff then avers that

> [t]his telephone conversation was presumably memorialized in some written form by Defendant SMART's employee giving Defendant SMART notice that Plaintiff intended to file a claim and what that claim would be.

Importantly, plaintiff provided no evidence that any document was generated from this phone call. " '[P]arties opposing a motion for summary disposition must present more than conjecture and speculation to meet

their burden of providing evidentiary proof establish-
ing a genuine issue of material fact.' " *Detroit v Gen
Motors Corp*, 233 Mich App 132, 139; 592 NW2d 732
(1998), quoting *Libralter Plastics, Inc v Chubb Group
of Ins Cos*, 199 Mich App 482, 486; 502 NW2d 742
(1993) (alteration in original).

Because plaintiff provided no evidence that she (or
anyone else) formally delivered or served written no-
tice of her claim on SMART within 60 days of the
accident, she failed to establish that the statutory
notice requirement was satisfied. See *Nuculovic*, 287
Mich App at 68. This case is also analogous to *Smith v
Suburban Mobility Auth for Regional Transp*, unpub-
lished opinion per curiam of the Court of Appeals,
issued December 16, 2010 (Docket No. 294311), rev'd
493 Mich 906 (2012). In reversing the Court of Appeals
in *Smith*, our Supreme Court adopted the dissenting
opinion of Judge METER, who would have held that the
plaintiff's claims were barred because he admitted that
he never sent written notice to SMART. *Smith*, unpub
op at 2 (METER, J., dissenting). Just like in *Smith*,
plaintiff in the instant case admitted that she never
sent any written notice of any claim to SMART within
60 days of the accident.

We also note that the Exhibit D that plaintiff relied
on, which was a form that labeled plaintiff as a "claim-
ant," would have been insufficient under MCL 124.419
even if the document had not been a SMART internal
document because it did not give notice that an "ordi-
nary claim" was being pursued. While plaintiff's name is
listed in the area for "claimant information," the docu-
ment does not disclose that plaintiff is intending to
pursue any actual claim, let alone an "ordinary claim,"
as opposed to a no-fault claim. See *Atkins*, 492 Mich at
717-718 (noting the differences between ordinary claims

and first-party no-fault claims). In other words, the word "claimant," *with nothing more*, does not give notice of what type of claim a plaintiff may be pursuing. The concurrence's suggestion that the statute does not require *any* specifics in the notice has been rejected by our Supreme Court. In *Atkins*, the plaintiff provided written notice that he was seeking first-party no-fault benefits. This Court held that this written notice, along with all the aggregate information available to SMART, was sufficient to allow SMART to have notice that an ordinary tort claim also could be pursued and reasoned that MCL 124.419 "only requires notice of 'a' claim, which it defined as the aggregate of operative facts giving rise to an enforceable right. As a result, reasoned the Court of Appeals, the statute only requires notice without any additional specific requirements of what information must be included." *Atkins*, 492 Mich at 712-713, citing *Atkins v Suburban Mobility Auth for Regional Transp*, unpublished opinion per curiam of the Court of Appeals, issued October 22, 2009 (Docket No. 288461), pp 2-3. But the Supreme Court reversed and held that written notice of a no-fault claim was insufficient to provide notice of a tort or "ordinary" claim. *Atkins*, 492 Mich at 718-720. Thus, the logical import from *Atkins* is that notice must be somewhat specific, at least with respect to the type of claim, and notice for one type of claim is insufficient to be notice for another type of claim. Here, looking past the fact that the document at issue was never delivered to SMART, the word "claimant," with nothing more, does not provide sufficient detail regarding what type of claim, if any, plaintiff is pursuing, and it is therefore insufficient to provide notice under MCL 124.419.[1]

---

[1] We note that our holding does not require a plaintiff to use any particular magic words such as "ordinary tort claim," "ordinary claim,"

### III. PREJUDICE

Next, plaintiff argues that even if the statutory notice requirements were not met, summary disposition was not warranted because defendants were not prejudiced. This argument, however, is without merit. In *Trent v Suburban Mobility Auth for Regional Transp*, 252 Mich App 247, 253; 651 NW2d 171 (2002), overruled in part *sub silentio* by *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197, 213; 731 NW2d 41 (2007), and by *McCahan v Brennan*, 492 Mich 730, 733, 746-747; 822 NW2d 747 (2012), this Court held that a governmental agency asserting a deficiency in compliance with a statutory notice provision must show actual prejudice. However, the Michigan Supreme Court disavowed this holding, noting that the Court had "since held that when the Legislature specifically qualifies the ability to bring a claim against the state or its subdivisions on a plaintiff's meeting certain requirements that the plaintiff fails to meet, no saving construction—such as requiring a defendant to prove actual prejudice—is allowed" and also noting that the cases on which *Trent* relied had been overruled. *Atkins*, 492 Mich at 719 n 21. Because "statutory notice requirements must be interpreted and enforced as plainly written," *id.* at 714-715, a showing of prejudice is not required, and the trial court properly granted defendants' motion for summary disposition.

### IV. CONCLUSION

In sum, in responding to defendants' motion for summary disposition, plaintiff argued that the statute

---

or "tort claim." Instead, the written notice simply must, somehow, convey to the defendant authority the nature of the claim.

was satisfied by relying solely on police reports and
SMART's internal documents. As these types of docu-
ments are inadequate to constitute a served, written
notice of a claim, the trial court properly granted
defendants' motion for summary disposition. See
*Nuculovic*, 287 Mich App at 68. Since no evidence was
provided that someone other than SMART created the
documents at issue, we need not address whether a
writing from someone other than plaintiff or SMART,
such as SMART's insurer, would have satisfied the
statute.

Affirmed. Defendants, as the prevailing parties, may
tax costs pursuant to MCR 7.219.

FORT HOOD, J., concurred with DONOFRIO, P.J.

SHAPIRO, J. (*concurring*). I concur in affirming the
trial court's ruling.

There are two questions at issue in this case. First,
did plaintiff comply with the presuit notice require-
ments set forth in MCL 124.419? Second, if plaintiff did
not comply, does the text of the statute mandate the
sanction of dismissal?

I. WHAT CONSTITUTES "WRITTEN NOTICE OF ANY CLAIM
BASED UPON INJURY TO PERSONS" UNDER MCL 124.419?

I agree with the majority that plaintiff has not
complied with MCL 124.419 as interpreted by the
Supreme Court in *Atkins v Suburban Mobility Auth
for Regional Transp*, 492 Mich 707; 822 NW2d 522
(2012). In that case, the Supreme Court held that a
regional transportation authority such as SMART
cannot deliver or serve documents to itself. *Id*. at 721.
Thus, a document prepared by SMART itself cannot
satisfy the statute's requirement that it be served,

i.e., formally delivered, to SMART. *Id.*[1] Given that plaintiff concedes that the relevant document was prepared by SMART, she cannot satisfy *Atkins*.

While I join with the majority in this conclusion, I believe that it is incumbent on us to more clearly delineate the precise demands of MCL 124.419. Though the statute has been the subject of several cases over recent years in which writings were held insufficient, the judiciary has failed to provide the bench and bar with sufficient guidance as to how to preserve and litigate these cases in the future.

The statute provides in pertinent part:

> All claims that may arise in connection with the transportation authority shall be presented as ordinary claims against a common carrier of passengers for hire: Provided, That written notice of any claim based upon injury to persons or property shall be served upon the authority no later than 60 days from the occurrence through which such injury is sustained . . . . [MCL 124.419.]

First, as the majority notes, in light of plaintiff's concession we do not reach the question whether, for purposes of MCL 124.419, SMART's insurer is deemed to be SMART itself. No published cases have yet addressed that question, and it is a significant one. If SMART's insurer is deemed to be SMART for purposes of the statute, then delivery of written notice to SMART's insurer would satisfy the statute because it would constitute delivery to SMART. If SMART's in-

---

[1] As noted below, *Atkins* also held that a claim for no-fault benefits does not provide notice of a claim for liability or tort-based damages. *Atkins*, 492 Mich at 716. The Court noted that a claimant seeking no-fault benefits was not required to meet the 60-day notice requirement of MCL 124.419 because that statute did not apply to no-fault benefits. *Id.* at 717-720. Accordingly, a claim for no-fault benefits, even if made within 60 days of the incident, could not satisfy MCL 124.419. *Id.*

surer is deemed to be separate from SMART for purposes of the statute, then sending written notice to the insurer would not satisfy the statute, but delivery of a written notice from the insurer to SMART advising it of a claim by a plaintiff would satisfy the statute because SMART would not be delivering the document to itself. In those circumstances, SMART would be receiving notice from the insurer, who, if not legally SMART itself, can deliver a document to SMART. The legal status of SMART's insurer for purposes of this single statute cannot vary from case to case. Either delivery of the notice to SMART's insurer satisfies the statute or delivery by SMART's insurer to SMART satisfies the statute.

Second, the plain text of the statute does not require that the party responsible for the written notice be the plaintiff. The operative phrase requiring provision of the notice is written in the passive voice, i.e., it does not require that any particular person provide the written notice, only that it be provided within 60 days and that the recipient be the defendant-authority.[2] In other contexts, the Legislature has proved itself capable of specifying who must act to provide the notice. MCL 691.1404(1) provides that in cases of defective highways, *"the injured person . . . shall serve a notice on the governmental agency . . . ."* (Emphasis added.) The same language is used in MCL 691.1406 with respect to claims for injury in a public building. Given

---

[2] Indeed, while sentences written in the passive voice can contain a prepositional phrase identifying who will perform the action, the Legislature pointedly did not do so here. For example, the statement "the ball will be caught by the center fielder" is written in the passive voice, but has an explanatory prepositional phrase identifying who will perform the action. The statement "the ball will be caught" does not contain the explanatory prepositional phrase and means only that the ball will be caught by *someone* who is not identified.

its use of the active construction in many other statutes requiring notice, we must conclude that the Legislature's decision not to do so in MCL 124.419 was intentional. *Houghton Lake Area Tourism & Convention Bureau v Wood*, 255 Mich App 127, 135; 662 NW2d 758 (2003) ("[T]his Court should assume that an omission [by the Legislature] was intentional.").

Third, the statute contains no content requirements for the written notice beyond the existence of a claim by a plaintiff. The fact that the words of MCL 124.419 contain no specific requirements about content must mean that the Legislature intended that none apply beyond communicating that a "claim based upon injury to persons or property" exists. "It is well established that statutory notice requirements must be interpreted and enforced as plainly written . . . ." *Atkins*, 492 Mich at 714-715. "[T]he common carrier must simply be told of the claim within 60 days and through service of a [written] notice." *Id.* at 721. In this case, but for the failure of delivery (since SMART cannot deliver notice to itself), the document would have been sufficient because it identified plaintiff by name on two occasions as "CLAIMANT."[3] It further lists extensive information regarding, among other things, the nature, timing, and conditions of the crash, the extent of vehicular damage, and the transport of injured persons to the hospital. A "claim" has been defined by our Supreme Court as " '[t]he aggregate of operative facts giving rise to a right enforceable by a court[.]' " *CAM Constr v Lake Edgewood Condo Ass'n*, 465 Mich 549,

---

[3] The majority opinion seems to conclude that the written identification of plaintiff as the "claimant" is insufficient. It is difficult to understand why referring to plaintiff as "claimant" would not inform SMART that she is making a claim. What else could it mean? Why would a textualist reading of the word "claimant" define it as disconnected from the concept of a "claim"?

554; 640 NW2d 256 (2002), quoting *Black's Law Dictionary* (7th ed). Thus, the document at issue identifies a *"claim* based upon *injury to persons or property."*

The Legislature has adopted pretrial notice requirements in several settings and has repeatedly demonstrated its ability to establish particularized elements or specify the form that a notice must take. For example, in the medical malpractice setting, MCL 600.2912b(4) contains six subdivisions, each explaining in detail what a notice must contain.[4] Similarly, MCL 691.1406 requires notice of a claim arising out of a defect in a public building and includes the provision that "[t]he notice shall specify the exact location and nature of the defect, the injury sustained and the names of the witnesses known at the time by the claimant."

The statute we consider here, by contrast, requires only that a defendant-authority receive "written notice

---

[4] MCL 600.2912b(4) provides:

The notice given to a health professional or health facility under this section shall contain a statement of at least all of the following:

(a) The factual basis for the claim.

(b) The applicable standard of practice or care alleged by the claimant.

(c) The manner in which it is claimed that the applicable standard of practice or care was breached by the health professional or health facility.

(d) The alleged action that should have been taken to achieve compliance with the alleged standard of practice or care.

(e) The manner in which it is alleged the breach of the standard of practice or care was the proximate cause of the injury claimed in the notice.

(f) The names of all health professionals and health facilities the claimant is notifying under this section in relation to the claim.

of [a] claim." Given that the Legislature has demonstrated its ability to place specific requirements on the content of presuit notices, we must conclude that the absence of requirements in MCL 124.419 was intentional. *Houghton Lake*, 255 Mich App at 135. *Atkins* held that a claim specifically designated as one for no-fault personal protection insurance benefits did not constitute notice of a claim other than for those statutory benefits.[5] *Atkins*, 492 Mich at 716. It did not require that a notice of claim that is not specified as a no-fault claim must otherwise state that it is for an "ordinary claim" or a "tort claim."

Fourth, I agree with the majority's rejection of defendant's argument that the requirement of formal delivery or service can only be satisfied by undertaking "service" as defined in the court rules, specifically MCR 2.105. As the majority correctly notes, *Nuculovic v Hill*, 287 Mich App 58, 67-68; 783 NW2d 124 (2010), did not require compliance with the court rules pertaining to service, but only suggested that action in conformity with them is one possible means of formal delivery, not that it is required under MCL 124.419.[6]

---

[5] The *Atkins* Court was careful to state that the question before it was "whether an application for no-fault benefits can suffice as the notice of a separate tort claim that MCL 124.419 requires." *Atkins*, 492 Mich at 716.

[6] By its own terms, MCR 2.105 applies only to service of "process." "Process" is "a summons or writ, [especially] to appear or respond in court[.]" *Black's Law Dictionary* (10th ed). *Black's* goes on to offer the following discussion:

"*Process* is so denominated because it *proceeds* or issues forth in order to bring the defendant into court, to answer the charge preferred against him, and signifies the writs or judicial means by which he is brought to answer."

\* \* \*

## II. IS DISMISSAL REQUIRED FOR FAILURE TO COMPLY
## WITH MCL 124.419?

Having determined that plaintiff failed to comply with the statutory requirement of written notice under MCL 124.419, the remaining question is whether the statute mandates dismissal of the case or whether the trial court has discretion to impose a lesser sanction.

I am constrained by Supreme Court precedent to reject plaintiff's argument that dismissal is not required when the notice was not provided as set forth in the statute. In *Atkins*, the Supreme Court stated, "The Legislature has determined that it will waive governmental immunity in cases of personal injury or property damage that occur in connection with a common carrier of passengers for hire only when written notice of the claim is served on the transportation authority within 60 days." *Atkins*, 492 Mich at 722.[7]

---

" 'Process' and 'writ' or 'writs' are synonymous, in the sense that every writ is a process, and in a narrow sense of the term 'process' is limited to judicial writs in an action, or at least to writs or writings *issued from or out of a court, under the seal thereof* and returnable thereto . . . ." [*Id.* (emphasis added in second paragraph and citations omitted).]

There is no basis to apply court rules to matters that are not yet in court. Had the Legislature wished to make the requirements of the court rule applicable, it could have readily done so by direct reference. Moreover, MCR 1.103 provides in part that "[t]he Michigan Court Rules govern practice and procedure in all courts established by the constitution and laws of the State of Michigan." The provision of a notice of claim, such as that required by MCL 124.419, is by definition not a matter of procedure "in [a] court." The notice *may* later be followed by a suit in court, but it does not and cannot initiate a cause of action. It is not a complaint. It does not require an answer. It does not entitle the claimant to any discovery, to trial, or to any sort of adjudication. The requirements for legal service in the court rules are inapplicable to the instant question.

[7] *Atkins* did not address whether these requirements comport with due process either facially or as applied under particular circumstances, e.g., when a claimant is incompetent.

As an intermediate court of appeals, we are required
to follow this ruling. See *State Treasurer v Sprague*,
284 Mich App 235, 242; 772 NW2d 452 (2009). How-
ever, I respectfully suggest that the Supreme Court
revisit this question. First, MCL 124.419 makes no
mention of governmental immunity or its waiver. Sec-
ond, there are significant differences in the text used in
MCL 124.419 and the statutes the Supreme Court
found comparable, namely MCL 691.1404 and MCL
600.6431. MCL 600.6431(1) contains explicit language
not present in the statute we now consider: "No claim
may be maintained against the state unless the claim-
ant . . . ." Its command is clear; if the notice require-
ments are not met, the claim "may [not] be main-
tained." Similarly, MCL 691.1404(1) states that
provision of notice is "a condition to any recovery for
injuries . . . ." If the condition is not met, no recovery
may lie.

The text of MCL 124.419 does not contain the word
"dismissal" or phrases such as "no claim shall be
maintained" or "as a condition of recovery." Instead,
the statute reads:

> All claims that may arise in connection with the trans-
> portation authority shall be presented as ordinary claims
> against a common carrier of passengers for hire: Provided,
> That written notice of any claim based upon injury to
> persons or property shall be served upon the authority no
> later than 60 days from the occurrence through which
> such injury is sustained . . . .

The statute's words are what they are. Claims
arising in connection with a regional transportation
authority are to be addressed in the same manner as
a similar suit against any other common carrier,
"Provided, That written notice" is given. Considering
only the text, the mandate of the statute is that if

written notice is not provided, the claim shall not be litigated "as ordinary claims against a common carrier." However, there are many ways other than dismissal that a case can be treated differently from that of an ordinary claim against a common carrier. Limitations on recovery, greater proof requirements, and qualified discovery are only three ways in which failure to comply with this provision may be sanctioned in a manner fully in accordance with the plain language of the statute.

One may fairly argue that dismissal must be the remedy the Legislature intended as the sanction for a failure of notice. Such a reading is certainly not *inconsistent* with the text of the statute. However, textualism is a demanding and restricting approach to judging. It is always tempting for a court to conclude that even though the Legislature did not explicitly say something, "it must be what the Legislature meant." However, textualism does not allow that conclusion to be drawn. The only meaning of the statute is that clearly and literally imposed by the words it employs. Once the door is opened to going beyond the very words of the text, there is no end to it. One judge's reasonable determination of the meaning of statutory language is another judge's impermissible application of policy preferences beyond the text itself.[8] While the Supreme

---

[8] In contrast to our Supreme Court, many scholars and judges reject strict textualism as inconsistent with the very function of the judiciary. Judge Richard A. Posner of the United States Court of Appeals for the Seventh Circuit has written:

A legislature is thwarted when a judge refuses to apply its handiwork to an unforeseen situation that is encompassed by the statute's aim but is not a good fit with its text. Ignoring the limitations of foresight, and also the fact that a statute is a collective product that often leaves many questions of interpretation to be answered by the courts because the legislators cannot agree on the answers, the textual originalist demands that the

Court's *interpretation* of MCL 124.419 requires dismissal (and is a reasonable one), it is not based in what the words actually say and is not the only reasonable interpretation. Indeed, the words "reasonable interpretation" seem so subjective as to have little, if any, place in textualist analysis.[9]

---

legislature think through myriad hypothetical scenarios and provide for all of them explicitly rather than rely on courts to be sensible. [Posner, *The Spirit Killeth, But the Letter Giveth Life,* The New Republic (September 13, 2012), p 18, reviewing Scalia & Garner, *Reading Law: The Interpretation of Legal Texts* (Thomson West, 2012).]

[9] Imposing "reasonable interpretations" on statutory language can lead even the most dedicated textualists astray. See, e.g., *Scarsella v Pollak,* 461 Mich 547; 607 NW2d 711 (2000) (concluding that a medical malpractice complaint filed without an affidavit of merit does not toll the statute of limitations, contrary to MCL 600.5856, which states that "[t]he statutes of limitations or repose are tolled . . . [a]t the time the complaint is filed"); *Mich Citizens for Water Conservation v Nestlé Waters North America Inc,* 479 Mich 280; 737 NW2d 447 (2007) (holding that the provision in MCL 324.1701(1) establishing the right of "any person [to bring suit] for the protection of the air, water, and other natural resources and the public trust in these resources" does not give standing to "any person"); *Smith v Globe Life Ins Co,* 460 Mich 446; 597 NW2d 28 (1999) (concluding that the Michigan Consumer Protection Act does not apply to fraudulent transactions as long as a nonfraudulent version of that transaction is permitted by law); *Kreiner v Fischer,* 471 Mich 109, 131; 683 NW2d 611 (2004) ("deduc[ing]" several requirements to meet the threshold for a third-party automobile claim not present in the statutory text), overruled by *McCormick v Carrier,* 487 Mich 180; 795 NW2d 517 (2010); *Fairley v Dep't of Corrections,* 497 Mich 290, 297-299 & n 15; 871 NW2d 129 (2015) (requiring that a complaint shown to have been "signed and verified . . . before an officer authorized to administer oaths" under MCL 600.6431 be dismissed unless the signed verification statement contains proof on its face of the name and credentials of the officer because "common sense counsels in favor of this outcome" despite the fact that the text of the statute provides no such requirement); *Robinson v Detroit,* 462 Mich 439, 445-446; 613 NW2d 307 (2000) (limiting suits against governmental agents because the phrase "the proximate cause" as used in the governmental-employee provision of the governmental immunity act, MCL 691.1407(2), "means the one most imme-

diate, efficient, and direct cause" of the injuries). Contra *Shinholster v Annapolis Hosp,* 471 Mich 540, 551-552; 685 NW2d 275 (2004) (concluding that the plaintiff's damages could be reduced by comparative negligence that long preceded the claims of malpractice in the case because "[t]he proximate cause of an injury is not necessarily the immediate cause; not necessarily the cause nearest in time, distance, or space") (quotation marks and citations omitted).